### BIGELOW CARPET COMPANY *vs.* INHABITANTS OF CLINTON.

A. conveyed to B. a parcel of land with the right of access to it "over other land of the grantor as heretofore used." A. had *other land adjacent to the granted premises, but no* way over it to the granted premises was actually used. Afterwards, C., who owned land adjoining another part of the granted premises, released to B. all his right in the premises conveyed by A.'s deed to B., together with all the rights "by said deed conveyed and granted." *Held,* that C.'s deed passed no right of way over his own land, in the absence of evidence that any such way was used before A.'s deed to B.

PETITION for a jury to assess damages for land taken by the defendants for a public way. At the hearing by the jury, the respondents contended that the damages ought to be reduced, because the land was subject to a right of way over it, belonging to the First National Bank of Clinton, which owned the adjoining land. The jury assessed the damages in the sum of $539.50; the verdict was accepted by the superior court; and the petitioners appealed. The case is stated in the opinion.

*P. E. Aldrich,* for the petitioners.

*A. Norcross,* for the respondents.

MORTON, J. At the trial before the sheriff's jury, the respondents claimed that the First National Bank of Clinton had a right of way over the land of the petitioners taken by the town for a road. To show this, they introduced two deeds, one from Horatio N. Bigelow to the bank, dated April 30, 1864, and the other from the petitioners to the bank, dated July 11, 1868. Both deeds described the same lot of land, which adjoined the petitioners' lot over which the road was located. The deed of Bigelow among other things granted to the bank " the right of maintaining the drain or sewer from the southeasterly corner of the building on said premises as the same now is, and of access to the said building and the sheds attached thereto over other land of the grantor as heretofore used." It is admitted that, at the date of this deed, Bigelow did not own, and that he has not since owned, the land over which it is claimed that the right of way existed, and that he did then own a parcel of land in the rear of that conveyed by him to the bank, over which access might be had to the said land and building, but that no way over it was

actually used. It is clear that this deed did not convey a right of way over land owned by the petitioners, as claimed by the respondents. There was no evidence that this way was used before the deed, and the deed purports to convey a different way Neither the deed nor any proof of use therefore attaches the easement to the land in question. It is questionable whether, by the aid of any parol testimony, we could construe this deed as con veying a right of way over land not owned by the grantor.

The deed from the petitioners to the bank released all the right, title and interest of the petitioners in and to the lot conveyed to the bank by Bigelow by his deed of April 30, 1864, " together with all the rights, easements and privileges in and by said deed conveyed and granted." This release is expressly limited to rights and easements conveyed and granted by Bigelow, and would convey no other or greater right of way than was conveyed by his deed. We are of opinion, therefore, that the ruling of the sheriff that the bank, by the deed of July 11, 1868, acquired a right of way over the land in question was erroneous.

As the only other exception relates merely to the form of the question put to the witnesses, and the question will not probably arise at the new trial, it is not necessary to consider it.

*Verdict set aside.*